UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANDREW BOLLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE PACIFIC UNIVERSITY,<br><br>Defendant. | NO. 2:20-cv-00741<br><br>**COMPLAINT—CLASS ACTION**<br><br>**JURY DEMAND** |

Plaintiff Andrew Bolland ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Seattle Pacific University ("SPU" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**

1.     This is a class action lawsuit on behalf of all people who paid tuition and/or fees for the 2020 Winter and/or Spring Quarters at SPU, and who, because of Defendant's response to the novel coronavirus disease 2019 ("COVID-19") pandemic, lost the benefit of the

COMPLAINT—CLASS ACTION - 1
No. 2:20-cv-00741

education for which they paid, and/or the services for which their fees were paid, without having their tuition and/or fees refunded to them.

2. SPU is a private university with a total enrollment of approximately 3,500 students. SPU offers more than 170 academic programs: 71undergraduate majors, 59 undergraduate minors, and 44 graduate degree programs and certificates.

3. SPU does not traditionally offer online courses as part of its regular curriculum. All, or almost all, of SPU's courses are conducted in-person.

4. SPU operates on academic quarters. The 2020 Winter Quarter began on January 6, 2020 and ran through March 13, 2020. The 2020 Spring Quarter began April 13 and runs through June 11, 2020.

5. On March 6, 2020, SPU announced through a campus-wide email that, because of the global COVID-19 pandemic, its campus would be closed and courses would transition to online and remote learning. On March 12, 2020, SPU announced that the upcoming Spring Quarter courses also would be available only online or remotely.

6. SPU has not held any in-person classes since March 6, 2020, at the latest. Classes that have continued have been in an online format, with no in-person instruction.

7. As a result of the closure of SPU's facilities, SPU has not delivered the educational services, facilities, access, and opportunities that Plaintiff and the putative class contracted and paid for. The online learning options offered to SPU students provide less to students than SPU's in-person courses in multiple aspects, including lack of facilities and materials, limited access to faculty, and loss of the many learning experiences that require in-person interaction among faculty and students. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning

COMPLAINT—CLASS ACTION - 2
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

8.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access, and opportunities that SPU has not provided. Even if SPU claims that it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

9.  Through this lawsuit Plaintiff seeks, for himself and Class members, SPU's disgorgement of the pro-rated portion of tuition and fees proportionate to the amount of time they did not receive the in-person education they paid for because SPU moved its classes online and ceased providing campus services. Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## PARTIES

10.  Plaintiff Andrew Bolland is a citizen of Washington who resides in Bonney Lake, Washington. Mr. Bolland is an undergraduate student at Seattle Pacific University. Mr. Bolland is pursuing a degree in Theater Performance. The Theater Performance program at SPU relies extensively on in-person instruction, meaningful student presentations, peer collaboration, and access to other university facilities. None of these resources are available to Mr. Bolland while in-person classes are suspended. Mr. Bolland paid Defendant over $14,000 per quarter for tuition and fees for the 2020 Winter and Spring Quarters. SPU has not provided Mr. Bolland any refund of tuition or other mandatory fees, even though in-person classes have not been held since March 6, 2020.

11.  Defendant Seattle Pacific University is a Washington nonprofit corporation located in Seattle, Washington.

COMPLAINT—CLASS ACTION - 3
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendant because SPU is a citizen of Washington with its principal place of business in this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District. Moreover, many of the acts and transactions giving rise to this action occurred in this District, and Plaintiff is a resident of this District.

## FACTUAL ALLEGATIONS

**A. Plaintiff and Class Members Paid Tuition and Fees for the Winter 2020 and Spring 2020 Quarters**

15. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the 2020 Winter and/or Spring Quarters at SPU.

16. Winter 2020 classes at SPU began on or about January 6, 2020 and ended March 12, 2020. Spring 2020 classes began on or about April 13, 2020 and run through July 11, 2020.

17. Plaintiff and Class members paid the cost of tuition for the Winter 2020 and/or Spring 2020 Quarters, as well as associated fees and costs.

18. Examples of approximate tuition costs at SPU for the 2020 Winter and Spring Quarters are as follows:

COMPLAINT—CLASS ACTION - 4
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

- Tuition: $14,868 per quarter
- Technology Fee: $55 per quarter
- Student Activities Fee: $103 per quarter

19. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts—which may include other fees that are not listed herein but that were not refunded—will be proven at trial.

**B.   In Response to COVID-19, SPU Closed Its Campus and Cancelled All In-Person Classes**

20. On March 6, 2020, SPU announced through a campus-wide email that, because of the global COVID-19 pandemic, its campus would be closed and courses would transition to online and remote learning. On March 12, 2020, SPU announced that Spring Quarter courses would also be available only online or remotely.

21. SPU has not held any in-person classes since March 6, 2020. Classes that have continued have been offered only in an online format, with no in-person instruction.

22. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access, and opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access, and opportunities that Defendant has not provided. Even if Defendant claims that it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23. Plaintiff and members of the Class chose not to attend an online institution of higher learning but instead chose to attend Defendant's institution and enroll on an in-person basis.

COMPLAINT—CLASS ACTION - 5
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

24. Defendant markets SPU's on-campus experience as a benefit of enrollment on its website:



25. The online learning options being offered to SPU students are subpar compared to SPU's in-person courses. The online learning options offered to SPU students provide less to students than SPU's in-person courses in in multiple aspects, including lack of facilities and materials, limited access to faculty, and loss of the many learning experiences that require in-person interaction among faculty and students.

COMPLAINT—CLASS ACTION - 6
No. 2:20-cv-00741

Savitt Bruce & Willey LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

26. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The online education being provided is not worth nearly the amount charged Class members in tuition and fees for the 2020 Winter and Spring Quarters. The tuition and fees for in-person instruction at SPU are higher than tuition and fees for other online institutions because such costs cover not only the academic instruction but also an entirely different experience that includes but is not limited to:

- Face-to-face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands-on learning and experimentation;
- Networking and mentorship opportunities.

27. The fact that SPU students paid a higher price for an in-person education than they would have paid for an online education. This is clearly illustrated by the fact that SPU does not traditionally offer online courses, nor does it have an established online education program.

28. Through this lawsuit Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees proportionate to the amount of time they did not receive the in-person education they paid for because SPU moved its classes online and ceased providing campus services. Plaintiff seeks return of these amounts on behalf of himself and the Class, as defined below.

COMPLAINT—CLASS ACTION - 7
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# CLASS ALLEGATIONS

29. Plaintiff seeks to represent a class defined as all people who paid SPU tuition and/or fees for in-person educational services to be provided for SPU's Winter 2020 Quarter and/or its Spring 2020 Quarter that SPU failed to provide, and whose tuition and/or fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30. Plaintiff also seeks to represent a subclass consisting of Class members who reside in Washington (the "Subclass").

31. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

32. **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through records in Defendant's possession.

COMPLAINT—CLASS ACTION - 8
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

33. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

 (a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

 (b) whether Defendant has provided the services for which Class and Subclass members contracted;

 (c) whether Class and Subclass members are entitled to a refund for that portion of the tuition and/or fees that was paid for services that Defendant did not provide;

 (d) whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

 (d) whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

34. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

35. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

36. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden

COMPLAINT—CLASS ACTION - 9
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

and expense of individual litigation of their claims against Defendant.  It would thus be virtually impossible for the Class or Subclass to obtain effective redress for the wrongs committed against the members on an individual basis.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach of Contract
### (On Behalf of the Class and Subclass)

38. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-37 of this complaint.

COMPLAINT—CLASS ACTION - 10
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

39. Plaintiff brings this claim against Defendant individually and on behalf of the members of the Class and Subclass.

40. Through the payment of tuition and/or fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

41. As part of that contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and members of the Class and Subclass fulfilled their end of the bargain when they paid monies due for Winter and/or Spring 2020 tuition and/or fees.  The tuition and fees were intended to cover in-person educational services from January through March for the Winter Quarter and April through June 2020 for the Spring Quarter.  In exchange for the monies paid, Plaintiff and the Class and Subclass members were entitled to in-person educational services for the entirety of each Quarter for which they paid.

42. Defendant has failed to provide the contracted-for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff and the Class and Subclass members for their Winter and/or Spring 2020 tuition and/or fees, without providing them the benefit of their bargain.

43. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services that they were promised and for which they have already paid.

44. As a direct and proximate result of Defendant's breach, Plaintiff and members of the Class and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and/or other

COMPLAINT—CLASS ACTION - 11
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Winter and/or Spring 2020 tuition and/or fees for education services not provided since SPU ceased its on-campus classes on March 6, 2020.

45. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services not provided.

## COUNT II
### Unjust Enrichment
### (On Behalf of the Class and Subclass)

46. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-45 of this complaint.

47. Plaintiff brings this claim against Defendant individually and on behalf of the members of the Class and Subclass.

48. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Winter and/or Spring 2020 tuition and/or fees in exchange for certain services and promises. The tuition and fees were intended to cover in-person educational services from January through March for the Winter Quarter and April through June 2020 for the Spring Quarter. In exchange for the monies paid, Plaintiff and the Class and Subclass members were entitled to in-person educational services for the entirety of each Quarter for which they paid.

49. Defendant voluntarily accepted and retained this benefit by accepting payment.

COMPLAINT—CLASS ACTION - 12
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

50. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and/or fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Winter and/or Spring 2020 tuition and/or fees for education services not provided since SPU ceased its on-campus classes on March 6, 2020.

51. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
### (On Behalf of the Class and Subclass)

52. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-51 of this complaint.

53. Plaintiff brings this claim against Defendant individually and on behalf of the members of the Class and Subclass.

54. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Winter and/or Spring 2020 tuition and fee payments to Defendant.

55. Defendant intentionally interfered with the rights of Plaintiff and members of the Class and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and/or fees were intended to pay.

56. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Winter and/or Spring 2020 tuition and/or fees for education services not provided since SPU shut down on March 6, 2020.

COMPLAINT—CLASS ACTION - 13
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

57.     Defendant's retention of the tuition and/or fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid deprived Plaintiff and members of the Class and Subclass of the benefits for which the tuition and/or fees paid.

58.     This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and members of the Class and Subclass in that they paid tuition and/or fees for services that will not be provided.

59.     Plaintiff and members of the Class and Subclass are entitled to the return of pro-rated portion of any Winter and/or Spring 2020 tuition and/or fees for education services not provided since SPU ceased in-person classes on March 6, 2020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A.  For an order certifying the nationwide Class and the Washington Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Washington Subclass and Plaintiff's attorneys as Class Counsel;

B.  For an order declaring the Defendant's conduct violates the laws referenced herein;

C.  For an order finding in favor of Plaintiff, the nationwide Class, and the Washington Subclass on all counts asserted herein;

D.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

COMPLAINT—CLASS ACTION - 14
No. 2:20-cv-00741

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class and Washington Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED:  May 16, 2020.

**SAVITT BRUCE & WILLEY LLP**

By   *s/Miles A. Yanick*
       *s/Jacob P. Freeman*
Miles A Yanick, WSBA #26603
Jacob P. Freeman, WSBA #54123
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone: 206.749.0500
Facsimile:  206.749.0600
Email:       myanick@sbwllp.com
                 jfreeman@sbwLLP.com

**BURSOR & FISHER, P.A.**

By   *s/Frederick J. Klorczyk III*
By   *s/Brittany S. Scott*
Frederick J. Klorczyk III (*pro hac vice* forthcoming)
Brittany S. Scott (*pro hac vice* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email:       fklorczyk@bursor.com
                 bscott@bursor.com

*Attorneys for Plaintiff Andrew Bolland*

COMPLAINT—CLASS ACTION - 15
No. 2:20-cv-00741

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500